UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO COMMERCIAL DISTRIBUTION FINANCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 6TH GEAR HOLDINGS, INC., <br><br> Defendant. | Case No. 19-cv-04617-JSC <br><br> **ORDER RE: PLAINTIFF'S APPLICATION FOR WRIT OF POSSESSION AND INJUNCTIVE RELIEF** <br><br> Re: Dkt. No. 9 |

Plaintiff Wells Fargo sues 6th Gear Holdings, Inc. ("6th Gear") under California state law arising out of 6th Gear's default of an inventory financing agreement wherein Plaintiff extended credit to 6th Gear to allow it to acquire inventory for public sale. (Dkt. No. 1.)[1] Now before the Court is Plaintiff's application for a writ of possession seeking the return of inventory obtained by 6th Gear pursuant to the financing agreement ("inventory collateral") and a Court order enjoining 6th Gear from disposing of that inventory collateral pending its seizure, pursuant to Federal Rule of Civil Procedure 64 and California Code of Civil Procedure § 512.010, *et seq.*[2] (Dkt. No. 9.) The matter is scheduled for oral argument on October 10, 2019; however, because the application is deficient on its face, the Court vacates the hearing, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiff's application without prejudice.

**BACKGROUND**

Plaintiff filed the underlying complaint on August 9, 2019, seeking the same relief sought by the instant application. (*See* Dkt. No. 1 at ¶¶ 25-41.) Plaintiff served 6th Gear with the summons and complaint on August 15, 2019. (Dkt. No. 8.) Plaintiff then filed the instant

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Plaintiff consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Dkt. No. 7.) However, 6th Gear has not consented or otherwise appeared in this case, and the Clerk of Court entered default as to 6th Gear on September 27, 2019. (*See* Dkt. Nos. 11 & 12.)

1 application for writ of possession two weeks later. On September 10, 2019, Plaintiff filed a
2 certificate of service indicating that Plaintiff served 6th Gear with the instant notice of application
3 and supporting papers. (Dkt. No. 10 at 2.)

After 6th Gear failed to respond to the complaint or otherwise appear in this action, Plaintiff filed a motion for entry of default with the Clerk of Court, (*see* Dkt. No. 11), which the Clerk granted on September 27, 2019, (*see* Dkt. No. 12). 6th Gear has not subsequently appeared or filed an opposition to the instant application.

**DISCUSSION**

Federal Rule of Civil Procedure 64 provides, in pertinent part: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64. Here, Plaintiff seeks a writ of possession pursuant to California Code of Civil Procedure § 512.010, which provides that "[u]pon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written application for the writ with the court in which the action is brought." Cal. Code Civ. Proc. § 512.010(a). Plaintiff's application is fatally flawed, however, because it fails to "fully and strictly comply with the writ of possession notice of application requirements" under section 512.040. *See Xerox Corp. v. House of Portraits, Inc.*, EDCV 16-2545-MFW-KKx, 2017 WL 3081693 (C.D. Cal. Feb. 21, 2017) (denying without prejudice application for writ of possession where plaintiff failed to comply with the "very specific" statutory notice requirements under Section 512.040).

Pursuant to section 512.040:

> The "Notice of Application and Hearing" shall inform the defendant of *all* of the following:
>
> (a) A hearing will be held at a place and at a time, to be specified in the notice, on plaintiff's application for a writ of possession.
>
> (b) The writ will be issued if the court finds that the plaintiff's claim is probably valid and the other requirements for issuing the writ are established. The hearing is not for the purpose of determining whether the claim is actually valid. The determination of the actual validity of the claim will be made in subsequent proceedings in the action and

2

> will not be affected by the decision at the hearing on the application for the writ.
>
> (c) If the defendant desires to oppose the issuance of the writ, he shall file with the court either an affidavit providing evidence sufficient to defeat the plaintiff's right to issuance of the writ or an undertaking to stay the delivery of the property in accordance with Section 515.020.
>
> (d) The notice shall contain the following statement: "If you believe the plaintiff may not be entitled to possession of the property claimed, you may wish to seek the advice of an attorney. Such attorney should be consulted promptly so that he may assist you before the time set for the hearing."

Cal. Civ. Proc. § 512.040 (emphasis added). Here, Plaintiff's notice of application does not contain the statements required under section 512.040, subsections (b) through (d), (*see* Dkt. No. 9 at 2), and Plaintiff presents no argument that full compliance with section 512.040 is excused by 6th Gear's failure to appear in this action. Accordingly, Plaintiff's application must be denied.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Application for Writ of Possession and Injunctive Relief without prejudice.

This Order disposes of Docket No. 9.

**IT IS SO ORDERED.**

Dated: October 8, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge